# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DREW J. STEVENS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19CV895 HEA |
| ORCA COMMUNICATIONS, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Drew J. Stevens for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will order plaintiff to show cause in writing why venue is proper in this district, rather than in the United States District Court for the District of Arizona.

### The Complaint

Plaintiff brings this pro se civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). (Docket No. 1 at 1). He is suing Orca Communications and owner Julie Hutton.

Plaintiff states that when he was hired in May 2017, he was the "only male in senior management" and the "first male CEO in the [firm's] history." (Docket No. 1 at 5). He claims that during his "tenure" he "suffered from a hostile environment and age and gender abuse." He states that in his role as CEO, he identified performance issues and irregularities in operations and revenue, causing him to recommend "the termination of several employees." He also claims to have "discovered irregularities with the use of federal taxes."

Plaintiff spoke with the corporate attorney and prepared severance packages. However, he was "unexpectedly terminated," and his role "assumed by younger females." Plaintiff alleges that he was terminated due to his age, gender, and whistleblowing, resulting in substantial lost income and benefits.

Plaintiff filed a charge of discrimination with both the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on August 17, 2017. (Docket No. 1 at 3). On February 22, 2019, the EEOC mailed him a right to sue letter. (Docket No. 1-4 at 1). He was also mailed a right to sue letter by the MCHR on March 19, 2019. (Docket No. 1-3 at 1). Plaintiff filed the instant action on April 5, 2019.

Plaintiff is seeking punitive and compensatory restitution for his termination. (Docket No. 1 at 7).

**Discussion**

Plaintiff brings this action under Title VII and the ADEA. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). The ADEA, on the other hand, "prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age").

Both Title VII and the ADEA require a plaintiff to exhaust his administrative remedies before filing suit in federal court. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that exhaustion of administrative remedies is required before filing a Title VII suit in federal court); and *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (stating that exhaustion "is a condition precedent to the filing of an action under the ADEA in federal court"). Here, plaintiff has demonstrated that he has filed a charge of discrimination with both the MCHR and the EEOC, containing the same allegations that he presents in his complaint. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) ("A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge"). Furthermore, this action has been timely filed within the ninety-day period from when he received the notices of his right to sue.

Plaintiff, however, has not demonstrated that he meets the special venue requirements for Title VII under 42 U.S.C. § 2000e-5(f)(3). The special venue provision allows for an action to be brought in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

Here, plaintiff has not demonstrated that the unlawful employment practice of which he complains took place in this judicial district. Based on the information he provided, Orca Communications appears to be an Arizona limited liability company, with a physical location in

3

Tempe, Arizona, and there is no indication that any of the allegedly discriminatory activity took place here. Likewise, as Orca Communications is in Arizona, the relevant employment records are maintained and administered there. Finally, plaintiff does not make clear where he would have worked but for the alleged unlawful employment practice. However, even if his employment was in the Eastern District of Missouri, he does not establish that Orca Communications has any presence in this district. That is, plaintiff does not show that Orca Communications has an office here or that it has a registered agent to accept service. In short, plaintiff has not shown that venue is proper with this Court, rather than the United States District Court for the District of Arizona.

For the reasons discussed above, plaintiff will be required to show cause within thirty days of the date of this order why venue is appropriate in this district. Failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is required to show cause in writing within **thirty (30) days** of the date of this order why venue is proper in the United States District Court for the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

Dated this 3rd day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE