# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DREW J. STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-00895-HEA |
| ORCA COMMUNICATIONS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On March 31, 2020, the Court granted plaintiff Drew J. Stevens's motion to reopen this case. (Docket No. 11). At that time, the Court also directed plaintiff to file a show cause response as to why venue was proper in the Eastern District of Missouri. Plaintiff has not filed a response or sought additional time. Therefore, for the reasons discussed below, this action will be dismissed without prejudice.

### Background

On April 5, 2019, plaintiff filed this pro se action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). (Docket No. 1). He alleged that during his tenure at Orca Communications, he "suffered from a hostile environment and age and gender abuse."

On September 3, 2019, the Court ordered plaintiff to show cause why venue was proper in the Eastern District of Missouri. (Docket No. 4). In so doing, the Court noted that Orca Communications was an Arizona limited liability company, with a physical location in Tempe, Arizona. Furthermore, there was no indication that any of the alleged discriminatory activity of which plaintiff complained took place here. Plaintiff was ordered to show cause in writing within

thirty days as to why venue was proper in this district. He was advised that failure to comply would result in the dismissal of his case without prejudice and without further notice. The thirty-day period expired without plaintiff submitting a response. On October 4, 2019, the Court dismissed this action without prejudice. (Docket No. 5).

On October 16, 2019, plaintiff filed a motion to reopen the case. (Docket No. 7). In support of the motion, plaintiff stated that he changed addresses. Despite his efforts to have his mail forwarded, plaintiff claimed he had not received the Court's show cause order.

On March 31, 2020, the Court vacated its earlier dismissal order and reopened the action. (Docket No. 11). The Court also directed plaintiff to show cause in writing as to why venue was proper in the Eastern District of Missouri. He was given twenty-one days in which to comply. The Court advised plaintiff that failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As noted above, on March 31, 2020, plaintiff was given twenty-one days to file a written show cause response as to why venue for this action is proper in this district. Plaintiff's response was due by April 21, 2020. More than twenty-one days have elapsed, and plaintiff has not submitted a response or asked for additional time. Indeed, nothing has been filed since the Court's March 31, 2020 order. When the Court issued its March 31, 2020 order, plaintiff was advised that his failure to comply would result in the dismissal of his case without prejudice and without further notice. As he has not complied, this action will be dismissed. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 11th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE